UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE FRIENDLY VESSAL THERESE ANNE STEUBER,<br>    Petitioner, | : <br> : <br> : <br> : | |
| v. | : | CASE NO. 1:17-MC-164 |
| WALTER INVESTMENT MANAGEMENT CORP., *et al.*,<br>    Respondents. | : <br> : <br> : <br> : | |

*M E M O R A N D U M*

*I.      Introduction*

Petitioner, The Friendly Vessal Therese Anne Steuber, filed a Petition for Writ of Prohibition in this court. (Doc. 1). Presently before this court is an unopposed motion (Doc. 4) to dismiss the Petition for lack of subject-matter jurisdiction and for failure to state a claim filed by Respondents Walter Investment Management Corp., Denmar J. Dixon, Gary L. Tillet, and Ditech Financial, LLC. For the reasons that follow, we will grant Respondents' motion and dismiss the Petition for lack of subject-matter jurisdiction.

*II.     Background*

On March 10, 2017, Petitioner filed a *pro se* Petition for Writ of Prohibition, apparently seeking relief from a mortgage foreclosure action filed in the Delaware County Court of Common Pleas on November 2, 2015, by Respondent Ditech Financial, LLC. (Doc. 1 at 2-3); (Doc. 5-1). The factual allegations in the Petition are difficult to comprehend, but a civil docket sheet appended to Respondents' motion to dismiss reveals that the foreclosure action concerns property located in Drexel Hill, Pennsylvania, and that, on March 8, 2017, Petitioner was served with a reinstated foreclosure complaint.

(Doc. 5-1).  On May 10, 2017, a $195,362.06 judgment was entered against Petitioner in the underlying foreclosure action for failure to answer the reinstated complaint.  (Id.)

In her largely unintelligible Petition, Petitioner appears to assert that she has been denied relief in the foreclosure action in violation of the Fourth and Fifth Amendment of the United States Constitution, that she is in "ongoing danger of lo[s]ing private property [due] to [a] . . . bogus foreclosure sale," that she is "injured by [the] false terms of an unenforceable . . . mortgage note . . . [filed by] ro[g]ue . . . agents under hostile military apparatus," that she has been denied due process, and that Respondents have "no claim" to the property at issue because they purportedly engaged in "fraud[,] misrepresentation[,] and deceptive practices."  (Id. ¶¶ 6, 8).  Petitioner seeks an order to indefinitely enjoin execution of Respondents' foreclosure lien, to dismiss the foreclosure action, to bind the Delaware County Court of Common Pleas "to obey the rules of court," and, alternatively, to remove the foreclosure action "out of [the] military rule" of state court.  (Id. ¶¶ 6, 10-12).

On April 4, 2017, Respondents filed a motion to dismiss the Petition for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. (Doc. 4).  On May 2, 2017, we issued an order advising Petitioner that she had failed to respond to Respondents' motion to dismiss within fourteen days in accord with Middle District of Pennsylvania Local Rule 7.6.  (Doc. 8).  In that same order, we directed Petitioner to respond to the motion to dismiss by May 16, 2017, and notified her that, pursuant to Local Rule 7.6, a failure to respond would result in the motion being treated as unopposed.  (Id.)  Having received no response from Petitioner, Respondents' unopposed motion to dismiss is now ripe for disposition.

2

*III.      Discussion*

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A motion to dismiss under Rule 12(b)(1) . . . challenges the power of a federal court to hear a claim or case." Rolon v. Lackawanna County, 1 F. Supp. 3d 300, 303 (M.D. Pa. 2014) (citing Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir.2006)). Under Rule 12(b)(1), a claim fails to invoke a District Court's jurisdiction only if it is "wholly insubstantial and frivolous" on its face. Lunderstadt v. Colafella, 885 F.2d 66, 70 (3d Cir. 1989). "In the face of a [Rule] 12(b)(1) motion, the plaintiff has the burden to 'convince the court it has jurisdiction.'" Rolon, 1 F. Supp. 3d at 303 (quoting Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir.2000)).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" Id. (quoting Petruska, 462 F.3d at 302 n.3). A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" Id. (quoting Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014)).

Here, Petitioner alleges that jurisdiction and venue are proper for her Petition for Writ of Prohibition under the All Writs Act, 28 U.S.C. § 1651. (Doc. 1 ¶¶ 4-5). In their motion to dismiss, Respondents challenge this court's subject-matter jurisdiction to hear the Petition, arguing that because Petitioner "ostensibly seek[s] to halt the state court

3

foreclosure action," and therefore seeks to prohibit the Delaware County Court of Common Pleas and the Delaware County Recorder's Office from effectuating Respondents' mortgage foreclosure lien, this court lacks jurisdiction to issue a writ of prohibition against these state entities and officials. (Doc. 5 at 2 & 5-6).

"Federal courts have the power to issue writs of mandamus or prohibition under the All Writs Act, which provides that '[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" In re Sch. Asbestos Litig., 921 F.2d 1310, 1313 (3d Cir. 1990) (quoting 28 U.S.C. § 1651(a)). "The All Writs Act does not itself confer any subject matter jurisdiction, but rather only allows a federal court to issue writs 'in aid of' its existing jurisdiction." United States v. Apple MacPro Comput., 851 F.3d 238, 244 (3d Cir. 2017). "Therefore, a court has subject matter jurisdiction over [a petition] for an All Writs Act order only when it has subject matter jurisdiction over the underlying order that the All Writs Act order is intended to effectuate." Id. Accordingly, whether a petition is styled as one for mandamus or one for prohibition,[1] it is well settled that courts "may issue such writs only if there is an independent basis for subject matter jurisdiction." In re Delbridge, No. 17-1229, __ F. App'x __, __, 2017 WL 1437208, at *1 (3d Cir. Apr. 24, 2017) (per curiam) (citing United States v. Christian, 660 F.2d 892, 894 (3d Cir.1981) ("Before entertaining the [petition], then, we must identify a jurisdiction that the issuance of the writ might assist.")).

---

[1] "Although a writ of mandamus may appear more appropriate when the request is for an order mandating action, and a writ of prohibition may be more accurate when the request is to prohibit action, modern courts have shown little concern for the technical and historic differences between the two writs." In re Sch. Asbestos Litig., 921 F.2d at 1313. The two writs derive from the same statutory basis and incorporate the same standards. See id. (noting that differences between two writs are "unimportant" and do "not affect the relief requested"); see also In re Justices of Superior Court Dep't of Massachusetts Trial Court, 218 F.3d 11, 15 n.3 (1st Cir. 2000).

4

Here, regardless of whether Respondents' jurisdictional challenge is interpreted as a facial or factual attack, and regardless of whether the instant Petition is one for a writ of mandamus or prohibition, we find that there is no independent basis for our subject-matter jurisdiction over the Petition. Although her Petition names the plaintiffs in the underlying foreclosure action as Respondents in this action, Petitioner nonetheless seeks relief in the form of compelling the Delaware County Court of Common Pleas and the Delaware County Recorder's Office to dismiss the state court mortgage action or otherwise enjoining such state entities from executing judgment in that state court action. See, e.g., In re Rohland, 538 F. App'x 139, 140 (3d Cir. 2013) (per curiam) ("Although the mandamus petition names our Clerk as the respondent, Rohland is in essence seeking an order compelling state action with respect to state court records."). However, a writ of mandamus or prohibition in federal court only authorizes district courts to compel or prohibit *federal* officials to perform a duty. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed . . . .").

In this case, Petitioner does not "allege any act or omission by a federal officer, employee, or agency that a United States District Court might have prohibition or mandamus jurisdiction to address in the first instance." In re Whiteford, No. 13-1351, 2013 WL 979413, at *1 (3d Cir. Mar. 14, 2013) (per curiam) (citing 28 U.S.C. § 1361). Rather, Petitioner ostensibly seeks to compel state court judges and state officials to dismiss the underlying mortgage foreclosure action against her or to prevent such state officials from executing the foreclosure judgment entered against her. However, "[s]tate courts are not 'lower courts' from this [c]ourt's perspective, and principles of comity and

federalism ensure that a federal court 'ordinarily may not issue a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it.'" Id. (quoting In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir.1981)). As such, we do "not have jurisdiction to issue a writ of mandamus [or prohibition] against a state officer or a state court," and therefore lack subject-matter jurisdiction over the instant Petition. In re Rohland, 538 F. App'x at 140; see also Banks v. Guffy, No. 1:10-CV-2130, 2012 WL 72724, at *5 (M.D. Pa. Jan. 10, 2012) (granting motion to dismiss writ of mandamus that sought order dismissing state court mortgage foreclosure action for lack of subject-matter jurisdiction).[2] Therefore, we will grant Respondents' unopposed motion and will dismiss the instant Petition for Writ of Prohibition for lack of subject-matter jurisdiction.[3]

*IV.*      *Conclusion*

Because the instant Petition for Writ of Prohibition fails to set forth facts from which this court could find the prerequisites for issuing such a writ, and because this court lacks subject-matter jurisdiction to grant the Petition's requested relief, we will grant Respondents' unopposed motion to dismiss. We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 23, 2017

---

[2] In re Delbridge, 2017 WL 1437208, at *1 ("[Petitioner] asks us to exercise our mandamus jurisdiction over a *state* court to compel it to act on his motion for return of property. We do not have jurisdiction to grant that request."); In re Wallace, 438 F. App'x 135, 137 (3d Cir. 2011) (same); In re Wolenski, 324 F.2d 309, 309 (3d cir.1963) (per curiam) (explaining that district court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official").

[3] We also note that venue appears to be improper in this case because the underlying foreclosure action is in Delaware County, which is within the Eastern District of Pennsylvania.

6